**Nick PORTACCI, Plaintiff-Appellee, Cross-Appellant,**

**v.**

**MORAN TOWING AND TRANSPORTA-TION COMPANY, Defendant-Appellant, Cross-Appellee.**

**No. 79–2147**

**Summary Calendar.\***

United States Court of Appeals, Fifth Circuit.

April 9, 1980.

F. L. Benckenstein, Beaumont, Tex., for defendant-appellant, cross-appellee.

Weller, Wheelus & Green, Michael R. McGown, Beaumont, Tex., for plaintiff-appellee, cross-appellant.

Before HILL, GARZA and THOMAS A. CLARK, Circuit Judges.

PER CURIAM:

The tug SHEILA MORAN collided with the F/V MISS JERLENE, injuring the latter and plaintiff Portacci. Portacci brought suit in admiralty, 28 U.S.C. § 1333 (1976), for damages sustained. Following a bench trial, the district court determined that the vessels' "mutual fault" had caused the collision; Portacci's recoverable damages accordingly were reduced by 50%. This result satisfied neither party, both of whom appeal.

The district court made unusually specific findings of fact. The SHEILA MORAN failed, *inter alia*, to sound a warning signal or to have proper running lights. The MISS JERLENE failed, *inter alia*, to have a working radio or to keep a proper lookout. The vessels' operative omissions combined jointly to cause the collision. The

\* Fed.R.App.Proc. 34(a), 5th Cir. Local R. 18.

record supports these findings, which we affirm. Fed.R.Civ.P. 52(a).

We have difficulty, however, with the district court's equal apportionment of damages. Under *United States v. Reliable Transfer Co.*, 421 U.S. 397, 95 S.Ct. 1708, 44 L.Ed.2d 251 (1975), this disposition was proper only if "the parties [were] equally at fault" or if "it [was] not possible fairly to measure the comparative degree of their fault." *Id.* at 411, 95 S.Ct. at 1716. Here, the district court found only that the vessels were "mutually at fault." R. 136. Standing alone, this finding can not sustain the judgment. "Mutual fault" certainly does not imply equal fault; the former describes 10%–90% just as accurately as it does 50%–50%. *Cf. California v. Italian Motorship Ilice*, 534 F.2d 836 (9th Cir. 1976) ("Mutual Fault-Equal Contribution Rule" requires that "when there is a mutual fault . . . the damages must be equally allocated regardless of the degrees of comparative fault"). Nor does the district court's order anywhere state that specific apportionment is not practicable in this case. Although the judge made some comments to this effect toward the end of trial, Tr. 626–27, it is the final order and judgment which we review.

The cause is REMANDED so that the district court can apportion damages in accordance with *Reliable Transfer, supra,* making appropriate findings of fact. In all other respects, the judgment is AFFIRMED.